UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY HARE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-09-373 |
| § | |
| HOSTO AND BUCHAN, PLLC, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is the motion for summary judgment (Doc. 13) of Defendants Hosto and Buchan, PLLC and Melvin Thathiah ("Defendants"), as well as Plaintiff Mary Hare's ("Hare") response (Doc. 16), and Defendants' reply (Doc. 19). Also before the Court is Plaintiff Hare's motion for partial summary judgment and supplemental argument (Docs. 15, 18), as well as the Defendants' response (Doc. 22). Upon review and consideration of these motions, the responses and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the Defendants' motion for summary judgment (Doc. 13) and should be granted and that Plaintiff Hare's motion for partial summary judgment (Doc. 15) should be denied.

I. Background and Relevant Facts

On February 8, 2006, an arbitrator of the National Arbitration Forum issued an award of $9,262.09 against Plaintiff Hare for an alleged $43,094.96 credit card debt owed to MBNA America Bank, N.A. ("MBNA"). (Docs. 13-3 at 2 and 13-8 at 3) Hare did not comply with the terms of the award, and, on April 25, 2006, MBNA, through its attorneys, the Defendants here, applied for confirmation of the arbitration award in the County Civil Court at Law No. 4 of Harris County, Texas. (*Id.* at 1.) On February 12, 2007, the case was dismissed without

prejudice for want of prosecution. (Doc. 13-4.)

On October 22, 2007, MBNA, through its attorneys, the Defendants here, applied again for confirmation of the arbitration award in the 127th Judicial District Court of Harris County, Texas. (Doc. 13-5.) Hare was served with the lawsuit March 8, 2008. (Doc. 13-6.) On April 24, 2008, MBNA moved to dismiss the case against Hare. (Doc. 13-9.) On May 15, 2008, the state court found confirmation of the arbitration award barred by the one-year limitation period of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and issued a take nothing judgment. (Doc. 13-10.)

On February 10, 2009, Plaintiff Hare sued Defendants Hosto & Buchan and Thathiah, MBNA's attorneys in the prior actions to confirm the arbitration award, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et sec., the Texas Debt Collection Act., Tex. Finance Code §§ 392.301(a)(8), 392.304(a)(8), 392.304(a)(19) (TDCA), and the Texas Deceptive Trade Practices Act, Tex. Finance Code §39.403 (TDTPA).

II. Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir.

2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

A plaintiff moving for summary judgment must satisfy its burden by submitting proof that establishes all elements of its cause of action as a matter of law. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996). Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions

of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

In the parties' pretrial orders filed August 31, 2010 (Defendants' Doc. 24) and September 3, 2010 (Plaintiff's Doc. 25), respectively, the parties stipulate that there are no disputed facts in

the case, except for plaintiff's damages. Doc. 24 at 1, 3; Doc. 25 at 2.

III. Discussion

The FDCPA ("The Act") prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Act also prohibits debt collectors from using "unfair or unconscionable" and "false, deceptive, or misleading representation or means," including "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§ 1692e-f. A debt collector is not, however, liable for unintentional violations of the FDCPA. 15 U.S.C. § 1692k(c):

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The amount of liability depends on the degree to which a violation was intentional:

> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]

15 U.S.C. § 1692k(b).

The Texas Debt Collection Act ("TDCA") provides that debt collectors may not misrepresent "the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code § 392.301(a)(8). The Act also prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code §392.301(a)(29). Tex. Fin. Code §392.304(a)(8) prohibits debt collectors from "threatening to take an action prohibited by law," but the TDCA "does not prevent a debt collector from . . . threatening to institute civil lawsuits

or other judicial proceedings to collect a consumer debt." Tex. Fin. Code § 392.301(b)(2). The TDCA also includes a "bona fide error" exception, similar to that found in the FDCPA. "A person does not violate this chapter if the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error." Tex. Fin. Code § 392.401.

Violations under the TDCA are automatically violations of the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus. & Com. § 17. Tex. Fin. Code § 392.404(a). Under the TDTPA, plaintiffs may obtain enhanced damages for "knowing" or "intentional" violations. Tex. Bus. & Com. § 17.50(b)(1). Actions and awards under the TDCA and the TDTPA are not preempted by FDCPA actions. 15 U.S.C. § 1692n.

Hare's lawsuit alleges, in essence, that Defendants violated the Federal and Texas debt collection practices statutes by bringing two actions in state court to confirm the arbitration award handed down February 8, 2006. The MBNA lawsuits to confirm the arbitration award were brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. §6 and the Texas Arbitration Act "TAA"), §§171.001-171.098 Tex. Civ. Prac.& Rem.Code. The Federal Arbitration Act provides, *inter alia*, that "at any time within one year after the award is made any party to the arbitration *may* apply to the court so specified for an order confirming the award[.]" 9 U.S.C. § 9 (emphasis added).

The first question here is whether the Defendants' second confirmation proceeding was time-barred under the FAA, as the state court decided. (Doc. 13-10.) Hare argues that time-barred lawsuits are actions "that cannot legally be taken" in violation of the FDCPA. 15 U.S.C. § 1692e(5). "The dispositive fact is that a debt collector could not legally prevail in such lawsuit, and for the debt collector to represent otherwise is fraudulent." *Kimber v. Federal*

6 / 11

*Financial Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987) (lawsuit to collect a debt three years beyond the statute of limitations violated the FDCPA). Hare alleges that the Defendants knowingly and intentionally filed a lawsuit that was time-barred under the FAA. The state court was "of the opinion that the Federal Arbitration Act imposes a one year limitation period . . . and that the Plaintiff's Motion to Confirm the Arbitration Award is therefore barred by limitations." (Doc. 13-10.)

Contrary to the state court's decision, however, there is a division of authority on the issue of whether the one-year limit is absolute. It is commonly held that the Second Circuit has ruled that the statute of limitations is mandatory, while the Fourth, Sixth and Eighth Circuits have held it to be permissive. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152 (2d Cir. 2003); *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148 (4th Cir. 1993); *Val-U Const. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573 (8th Cir. 1998); *Wachovia Securities, Inc. v. Gangale*, 125 Fed. Appx. 671, 676 (6th Cir. 2005). A thorough comparison of the cases from these four circuits reveals, that their rulings, although not identical, are quite similar, but suffice it to say that there is disagreement concerning the use of the word "may" in the FAA.

The Fifth Circuit has not addressed the question definitively. In *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 733 (5th Cir. 1987) the Fifth Circuit stated, in *dicta,* "We need not consider in detail appellant's statute of limitations claims. The complaint to enforce the arbitration award was filed within one year as required by 9 U.S.C. § 9."

The second question here is whether, if the FAA "deadline" is mandatory, was there a bona fide error in filing a lawsuit to collect the debt.[1] In a case with factual similarities filed in this District, Judge Rosenthal found that the one-year limitation was mandatory. *FIA Card*

---

[1] A third question, concerning the defense issue of the plaintiff's timely filing of the FDCPA case, need not be reached in light of the Court's ruling.

*Services v. Gachiengu*, 571 F. Supp. 2d 799 (S.D. Tex. 2008). Nevertheless, Judge Rosenthal found that filing the case after the running of the period of limitations did not constitute a violation of the FDCPA. *Id.* "[Plaintiff] filed suit after the one-year period due to a bona fide error resulting from a circuit split on a legal issue." *Id.* at 806. Other courts have accepted the bona fide error defense in cases arising from time-barred debt collection actions. *Aronson v. Commercial Fin. Servs.*, 1997 WL 1038818 (W.D. Pa. December 22, 1997) (debt collector's misrepresentation of time limits on credit card debt was a bona fide error, due to confusion about applicable statutes); *Taylor v. Luper, Sheriff & Niedenthal Co., L.P.A.,* 74 F. Supp. 2d 761 (S.D. Ohio 1999) (debt collector's time-barred lawsuit was a bona fide error, due to conflicting case law). See also, *Simmons v. Miller*, 970 F. Supp. 661, 664 (S.D.Ind.1997) (FDCPA, which "seeks to proscribe *intentional* creditor misconduct" not applicable to a collection suit that may not have been time barred due to lack of clarity as to what limitations apply under Indiana law); *Almand v. Reynolds & Robin, P.C.*, 485 F. Supp. 2d 1361, 1367 (M.D. Ga. 2007) ("the uncertainty regarding exactly which statute of limitations applies results in a finding of no violation of the FDCPA. . . .").

After the instant case was file the Supreme Court held that the bona fide error defense does not apply to a debt collector's "mistaken interpretation of the legal requirements of the FDCPA." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S. Ct. 1605, 1608 (2010). That case involved debt collection notices not in compliance with FDCPA requirements. *Id.* The Court considered whether legal errors may qualify as a bona fide error under FDCPA:

> We have long recognized the "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Barlow v. United States*, 7 Pet. 404, 411, 8 L.Ed. 728 (1833) (opinion for the Court by Story, J.); see also *Cheek v. United States*, 498 U.S. 192, 199, 111 S. Ct.

>604, 112 L.Ed.2d 617 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system"). Our law is therefore no stranger to the possibility that an act may be "intentional" for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law.

*Id.* at 1611–12 (footnote omitted).

*Jerman*, however, does not hold that all legal errors are automatically violations of the FDCPA. *Id.* at 1610 n.4.

>The parties disagree about whether § 1692k(c) applies when a violation results from a debt collector's misinterpretation of the legal requirements of state law or federal law other than the FDCPA. . . . Because this case involves only an alleged misinterpretation of the requirements of the FDCPA, we need not, and do not, reach those other questions.

*Id*.

In *Heintz v. Jenkins*, 514 U.S. 291 (U.S. 1995) the Supreme Court determined that "Congress intended that lawyers be subject to the Act [FDCPA] whenever they meet the general 'debt collector' definition." *Id* at 295. In that case the petitioner, Heintz, argued that if the Act's requirements were applied directly to the litigating activities of lawyers, there would be "harmfully anomalous results," *Id*. In his majority decision Justice Breyer addressed one of these anomalies. The Sixth Circuit had found that §1692e(5) of the Act forbids a debt collector from making threats to take legal action that cannot legally be taken. The Sixth Circuit reasoned that if the Act were to apply to litigators attempting to collect a debt, the lawyer who brought a collection suit and then lost it would be "automatically" liable to the debtor for violation of the act. The Supreme Court addressed the argument by referencing the "bona fide error" defense of §1692k(c) and commenting, "Thus, even if we were to assume that the suggested reading of §1692e(5) is correct, we would not find the result so absurd as to warrant implying an exemption for litigating lawyers. In any event, the assumption would seem unnecessary, for we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the

bringing of it an 'action that cannot legally be taken.'"  *Id*. 295-296.  The instant case would seem to be just such a lawsuit.

> Indeed, in *Jerman* the Supreme Court revisited its finding in the *Heintz* case
>
> [In *Heintz* w]e expressed skepticism that §1692e(5) itself demanded such a result.  But even assuming the correctness of petitioner's reading of §1692e(5), we suggested that the availability of the bona fide error defense meant that the prospect of liability for litigating lawyers was not "so absurd" as to warrant implying a categorical exemption unsupported by the statutory text. [citation omitted].  We had no occasion in *Heintz* to address the overall scope of the bona fide error defense.  Our discussion of §1692e(5) did not depend on the premise that a misinterpretation of the requirements of the Act would fall under the bona fide error defense.
>
> * * *
>
> As in *Heintz*, we need not authoritatively interpret the Act's conduct-regulating provisions to observe that those provisions should not be assumed to compel absurd results when applied to debt collecting attorneys.

*Jerman* at 1618, 1622

*Heintz* and *Jerman* read together establish that the bona fide error defense of §1692k(c) does not apply to legal errors about the provisions of the Act itself and that it is absurd to apply the Act to the filing of a good faith debt collection lawsuit, which is subsequently lost.

In the instant case it is undisputed that the Defendants brought a state court lawsuit to enforce an arbitration award given under the FAA.  At what point such a suit is barred is unsettled in the Fifth Circuit.  Across the country, there is a split in the circuits on whether the limitations provisions of the FAA are mandatory or permissive.  Nevertheless, the collection case that constitutes the basis of this lawsuit was dismissed as untimely by the state court.  Plaintiff in the instant case, defendant in the state court lawsuit, has brought a lawsuit under the FDCPA as well as related Texas statutes, for the unfair debt collection practice of bringing a time-barred suit to collect a debt.  Defendants raise the bona fide error defense of the FDCPA.  With the

exception of the Plaintiff's argument that *Jensen* forecloses entirely the Defendants' reliance upon §1692k(c), Plaintiff has not pointed out facts that show, nor argued, that the requirements of §1692k(c) of the Act have not been satisfied by the Defendants. The Defendants, having successfully raised the bona fide error defense of §1692k(c) of the FDCPA, it is hereby

ORDERED that the Motion for Summary Judgment (Doc. 13) of Defendants Melvin Thathiah and Hosto and Buchan, PLLC is hereby GRANTED. It is further

ORDERED that the Motion for Partial Summary Judgment (Doc. 15) of Plaintiff Mary Hare is hereby DENIED.

SIGNED at Houston, Texas, this 30th day of March, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE